CASE 55—PETITION—MAY 26.

# Cully, &c. v. L. & N. R. R. Co.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. RAILROADS—DAMAGES FOR KILLING LIVE STOCK.—In an action to recover the value of stock killed by the negligence of a railroad company, the plaintiff can not also recover for the care and attention to the stock after it was injured and before it died.
2. APPEALS—AMOUNT IN CONTROVERSY.—The value of the stock killed having been fixed at $95, in the plaintiff's petition and the court having properly refused to permit the plaintiff to file an amended petition seeking damages for care and attention to the stock after the injury and before the death, the amount in controversy was the amount claimed in the original petition, and that being less than one hundred dollars this court has no jurisdiction.

JAMES MONTGOMERY AND C. H. NOGGLE FOR APPELLANT.

W. H. MARRIOTT FOR APPELLEE.

(Record and briefs not in office.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, Cully, sued the appellee, the Louisville & Nashville R. R. Co., in the Hardin Circuit Court, to recover the sum of $95, the value of one mule killed by the negligence and carelessness of appellee's servants and agents in the management of its train of cars on its railroad track. The appellant offered to file an amended petition, in which she stated and charged that by the negligence and carelessness of appellee's servants and agents in charge of appellee's train so injured a mule for her that it died therefrom, after she had taken care of it for some time, at cost and expense to her, and says, by reason of said injury done to same and

taking care of said mule while so injured, she was damaged in the sum of $125. Appellee objected to the filing of the amendment, and the court refused to let the amended petition be filed, to which appellant excepted. On the trial of the cause a verdict and a judgment were rendered in appellee's favor, and appellant has appealed to this court, and asks a reversal.

There are no allegations in the amended petition offered alleging the value of the mule sued for was more than $95, and it is evident that the additional amount claimed of $30 in the amendment was for care and attention to the mule while injured, before its death. It was held by the Superior Court, in the case of L. & N. R. R. Co. v. Schweitzer, 11 Ky. Law Rep., 310, which was a similar case to this, "that the plaintiffs were not entitled to recover the loss in value of the injured horse and the reasonable expenses incurred in his care, as this would be double damages." If appellant's mule was injured or destroyed by the negligent acts of appellee's agents and servants while in charge of appellee's train, she was entitled to recover the value of the mule, if killed, or, if injured, compensation for the injury, but could not recover for the care and attention to the animal while injured. The court properly rejected the amendment offered, claiming damages for trouble and attention to the injured mule.

The amount in controversy being but $95 this court has no jurisdiction of this appeal, and it is, therefore, dismissed.